# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

DEVIN MCLEAN WILSON,

    Plaintiff,

v.

JOHN DOE 1, et al.,

    Defendants.

Case No. SACV 21-1008-MWF (JEM)

MEMORANDUM AND ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND

## **PROCEEDINGS**

On June 7, 2021, Devin McLean Wilson ("Plaintiff"), proceeding pro se and in forma pauperis, filed a Complaint pursuant to 42 U.S.C. § 1983. He names as Defendants John Does 1 through 4, all of whom are Riverside County Sheriff's Deputies, in their individual capacities, and Scelzi Enterprises, a private company, purportedly in its official capacity.

For the reasons set forth below, the Court finds that the Complaint should be dismissed with leave to amend.

///
///
///
///

**PLAINTIFF'S ALLEGATIONS**

Plaintiff alleges the following:

On December 26, 2020, an unnamed person at Scelzi Enterprises in Jurupa Valley, California, called the Riverside County Sheriff's Department ("RCSD") for an unstated reason. Thereafter, RCSD Deputies John Does 1 through 4 arrived at the scene. John Doe 1 asked Plaintiff to show his hands and placed him in handcuffs. John Does 1 through 4 then attacked Plaintiff, throwing him to the ground, punching him, and kneeing him in the face for approximately five to ten minutes. Plaintiff was injured as a result of the attack. Plaintiff seeks compensatory and punitive damages. (Complaint at 3-6.)

**DISCUSSION**

**I.  PLEADING STANDARDS**

A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) the plaintiff fails to state a cognizable legal theory; or (2) the plaintiff has alleged insufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitzke v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Although a complaint "does not need detailed factual allegations" to survive dismissal, a plaintiff must provide "more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (rejecting the traditional "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). The complaint must contain factual allegations

sufficient to rise above the "speculative level," Twombly, 550 U.S. at 555, or the merely possible or conceivable. Id. at 557, 570.

Simply put, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. A claim has facial plausibility when the complaint presents enough facts "to draw the reasonable inference that the defendant is liable." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). This standard is not a probability requirement, but "it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. A complaint that pleads facts that are merely consistent with liability stops short of the line between possibility and plausibility. Id.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Liability may be imposed on an individual defendant under § 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the meaning of § 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. Id. at 633. The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. Id. Sweeping conclusory allegations will not suffice; the plaintiff must instead "set forth specific facts as to each individual defendant's" deprivation of protected rights. Id. at 634.

In a pro se civil rights case, the complaint must be construed liberally to afford plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dept, 839 F.2d 621, 623 (9th Cir. 1988). Unless it is clear that the deficiencies in a complaint cannot be cured,

pro se litigants are generally entitled to a notice of a complaint's deficiencies and an opportunity to amend prior to the dismissal of an action. Id. at 623. Only if it is absolutely clear that the deficiencies cannot be cured by amendment should the complaint be dismissed without leave to amend. Id.; Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007).

## II. SCELZI ENTERPRISES IS NOT A GOVERNMENT ACTOR AND IS NOT A PROPER DEFENDANT TO THIS ACTION

Plaintiff has named Scelzi Enterprises as a Defendant in this civil rights action, but acknowledges that it is a private entity. (Complaint at 4.)

In order to state a valid Section 1983 claim, Plaintiff must allege facts demonstrating that each defendant acted under the color of state law. Gritchen v. Collier, 254 F.3d 807, 812 (9th Cir. 2001). A defendant has acted under the color of state law when he or she has "exercised power 'possessed by virtue of state law and made possibly only because the wrongdoer is clothed with the authority of state law.'" West v. Atkins, 487 U.S. 42, 49 (1988) (quoting United States v. Classic, 313 U.S. 299, 326 (1941)). In general, private parties are not state actors. Price v. Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991). "When addressing whether a private party acted under color of law, [the court] . . . start[s] with the presumption that private conduct does not constitute governmental action." Sutton v. Providence St. Joseph Medical Ctr., 192 F.3d 826, 835 (9th Cir. 1999).

An exception can be made if the private citizen conspires with a state actor or is jointly engaged with a state actor who undertakes prohibited conduct. Tower v. Glover, 467 U.S. 914, 920 (1984); see also DeGrassi v. City of Glendora, 207 F.3d 636, 647 (9th Cir. 2000). A private party has engaged in "joint action" with state actors, and is therefore liable under Section 1983, "only if its particular actions are 'inextricably intertwined' with those of the government." Brunette v. Humane Society of Ventura County, 294 F.3d 1205, 1211 (9th Cir. 2002) (citing Mathis v. Pac. Gas & Elec. Co., 75 F.3d 498, 503 (9th Cir. 1996)).

""[A] bare allegation of . . . joint action will not overcome a motion to dismiss; the plaintiff must allege facts tending to show that [private defendants] acted under color of state law or authority." DeGrassi, 207 F.3 dat 647 (quoting Sykes v. State of Cal., 497 F.2d 197, 202 (9th Cir. 1974)). A private party acts under color of state law if the alleged infringement of a federal right is "fairly attributable" to the government, even though it was committed by a private party. Kirtley v. Rainey, 326 F.3d 1088, 1092 (9th Cir. 2003).

Plaintiff has alleged no facts indicating that Scelzi Enterprises is a state actors or that the person from Scelzi who called RCSD was acting under color of state law. There is nothing before the Court that would allow the inference that, by calling RCSD, Scelzi's actions were "inextricably intertwined" with the state actors. Rather, the facts alleged establish that any actions by Scelzi personnel constituted private conduct. There are no facts demonstrating a conspiracy of any sort. Rather, it appears that Scelzi personnel called RCSD to report some sort of criminal activity. There are no facts before the Court that could support the conclusion that any alleged infringement of federal rights by Scelzi are "fairly attributable" to the government.

Thus, Plaintiff has set forth no facts indicating that Scelzi is a state actor or conspired with state actors to deprive Plaintiff of constitutional or federally protected rights, and there is no indication that he could remedy this deficiency given the facts alleged. If Plaintiff chooses to file an amended complaint, he should not name Scelzi Enterprises as a defendant unless he can meet the standards set forth above.

## III. THE DOE DEFENDANTS MUST BE IDENTIFIED SUFFICIENTLY TO ALLOW SERVICE OF PROCESS

For purposes of screening, Plaintiff has alleged facts sufficient to state a claim for excessive force under the Fourth Amendment. Plaintiff is cautioned that, if the Court orders this case to proceed after the amended complaint is filed, Plaintiff will be required to provide enough information to allow the United States Marshal's Service to effectuate service.

Although it appears that Plaintiff has provided the badge numbers of John Does 1 through 4, it is not clear if this is sufficient and Plaintiff may be required to provide additional identifying information.

* * * *

For the reasons set forth herein, the Complaint is **DISMISSED WITH LEAVE TO AMEND**.

If Plaintiff desires to pursue this action, he is **ORDERED** to file a First Amended Complaint within **thirty (30) days** of the date of this Order, which remedies the deficiencies discussed above.

If Plaintiff chooses to file a First Amended Complaint, it should: (1) bear the docket number assigned in this case; (2) be labeled "First Amended Complaint"; (3) be filled out exactly in accordance with the directions on the form; and (4) be complete in and of itself without reference to the previous complaints or any other pleading, attachment, or document. The Clerk is directed to provide Plaintiff with a blank Central District of California civil rights complaint form, which Plaintiff must fill out completely and resubmit.

**Plaintiff is admonished that, if he fails to file a First Amended Complaint by the deadline set herein, the Court may recommend that this action be dismissed for failure to prosecute and failure to comply with a Court order**.

DATED: July 6, 2021

　　　　　　　　　　　　　　　　　　　　*/s/ John E. McDermott*
　　　　　　　　　　　　　　　　　　　　JOHN E. MCDERMOTT
　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE